UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bruce A. Beckman, ) | Civil Action No.: 4:15-cv-03410-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Horry County Police Department ) | |
| and Detective Ryan Seipt, #4475, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Bruce A. Beckman, a state pretrial detainee proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against the above named Defendants alleging violations of his constitutional rights. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 8. The Magistrate Judge recommends the Court dismiss Plaintiff's complaint without prejudice. R & R at 5.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**

Plaintiff is being detained on state criminal charges at the J. Reuben Long Detention Center in Conway, South Carolina. R & R at 1. He filed a complaint pursuant to 42 U.S.C. § 1983 against the two above named Defendants—the Horry County Police Department and a police detective—alleging violations of his federal constitutional rights. *See* ECF No. 1. In his complaint, Plaintiff alleged due process violations committed by the detective and requested as relief dismissal of the pending state charges for which he is currently incarcerated. *Id.* The Magistrate Judge issued an R & R recommending that Plaintiff's complaint be summarily dismissed without prejudice for failure to state a claim upon which relief may be granted. R & R at 3-5. Significantly, the Magistrate Judge found that because the only relief requested in Plaintiff's complaint was injunctive relief—namely, dismissal of his pending state criminal charges—the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971),

2

and its progeny necessitate dismissal of this action.[2] R & R at 3; *see Younger*, 401 U.S. at 46 (providing that absent extraordinary circumstances, federal courts should abstain from interfering with pending state criminal proceedings); *see also Kugler v. Helfant*, 421 U.S. 117, 123 (1975) ("[I]n the absence of exceptional circumstances creating a threat of irreparable injury 'both great and immediate,' a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution." (quoting *Younger*, 401 U.S. at 45)).  The Magistrate Judge also entered an order directing the Clerk not to authorize issuance and service of process on Defendants.  ECF No. 6.

Plaintiff filed timely objections to the R & R, and the same day, he also filed a motion to amend his complaint.  *See* ECF Nos. 10 & 11.  In his motion to amend, Plaintiff seeks leave to amend his complaint to include a claim for compensatory damages against the police detective in the amount of $10,000. ECF No. 10 at 1. Given Plaintiff's requested amendment seeking to add a claim for monetary relief,[3] the Court declines to conduct a de novo review of the R & R at this time and refers this case

---

[2]     The Magistrate Judge also found two independent grounds for dismissing Defendant Horry County Police Department: (1) Plaintiff alleges no wrongdoing by this Defendant; and (2) Plaintiff cannot sue this Defendant under § 1983.  R & R at 4-5.  Because the Court is referring the case back to the Magistrate Judge for consideration of Plaintiff's motion to amend (as discussed below), the Court declines to review these two grounds for dismissal at this time.

[3]     The Fourth Circuit has explained that it is improper to dismiss a § 1983 action seeking monetary damages by applying the *Younger* doctrine:

> The district court's order appears to have dismissed Appellants' entire complaint on grounds of *Younger* abstention.  It was improper, however, to rely on the *Younger* doctrine to dismiss Appellants' damages claims. . . .
>
> We have held that "*Younger* does not invariably require dismissal of § 1983 damage actions." *Suggs v. Brannon*, 804 F.2d 274, 279 (4th Cir. 1986). One of the principles underlying *Younger* is that it is unnecessary for a federal court to enjoin a pending prosecution or declare a statute unconstitutional because a state court may itself make either of those judgments in response to a defendant's objections during prosecution.  State criminal proceedings do not, however, allow for claims of money damages by criminal defendants—such a claim is simply not available. Therefore, a "District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).  Accordingly, the district court

3

back to the Magistrate Judge for further review and consideration of Plaintiff's motion to amend.[4] *Cf. Hurlbert v. S. Carolina*, No. CIV.A. 2:09-0241-PMD, 2009 WL 577327 (D.S.C. Mar. 5, 2009) (involving procedural circumstances identical to the instant case, declining to conduct a de novo review of the R & R, and referring the matter back to the magistrate judge for consideration of the plaintiff's motion to amend).

## Conclusion

For the reasons stated above, the Court respectfully declines to conduct a de novo review of the Magistrate Judge's R & R [ECF No. 8] at this time. The Court **REFERS** this matter back to the Magistrate Judge for consideration of Plaintiff's motion to amend [ECF No. 10] and further pretrial handling.

**IT IS SO ORDERED.**

Florence, South Carolina  
November 18, 2015

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

here erred in dismissing Appellants' damages claims pursuant to the *Younger* doctrine.

*Nivens v. Gilchrist*, 444 F.3d 237, 248 (4th Cir. 2006).

[4] Although the Court makes no ruling on Plaintiff's motion to amend, the Court remains mindful that motions to amend "should be granted liberally," *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citing Fed. R. Civ. P. 15(a)(2)), and should not be denied absent prejudice, bad faith, or futility. *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012).

4