UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bruce A. Beckman, #HCO3111542141, | ) | C/A No. 4:15-cv-03410-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | (partial summary dismissal) |
| | ) | |
| Horry County Police Department; | ) | |
| Detective Ryan Seipt, #4475, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Bruce A. Beckman ("Plaintiff") is currently incarcerated at the J. Reuben Long Detention Center in Horry County, South Carolina. The online records of the Horry County Clerk of Court disclose that Plaintiff is awaiting trial on kidnapping, attempted-murder, armed-robbery, and grand-larceny charges. *See* http://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx (last consulted March 21, 2016). In the Complaint filed in this case, Plaintiff alleges that the investigating officer, Defendant Seipt, violated his due-process rights because Defendant Seipt conducted an inadequate and unfair investigation, fabricated and planted evidence, failed to give *Miranda* rights, and gave perjured testimony to obtain an arrest warrant and at a preliminary hearing and bond hearing. Compl. 1-12, ECF No. 1. Plaintiff also sues the "Horry County Police

Department," but there are no specific allegations of wrongdoing by this Defendant. The only relief requested in the Complaint is "I seek my charges to be dismissed." *Id*. at 4.

Following initial review of the pro se Complaint, the undersigned issued a Report and Recommendation , recommending that the Complaint be summarily dismissed and not served on either Defendant for several reasons. ECF No. 8. Thereafter, Plaintiff filed a Motion to Amend Complaint and timely Objections to the Report and Recommendation, both of which included additional allegations of wrongdoing against Defendant Seipt and a new request for compensatory damages against Defendant Seipt in the amount of $10,000.00. ECF Nos. 10, 11. Following review of the Objections and the Motion to Amend, United States District Judge R. Bryan Harwell declined to rule on the Objections and issued an Order referring the case back to the undersigned for consideration of the Motion to Amend. By Order issued contemporaneously with this supplemental Report and Recommendation, the undersigned *granted* the Motion to Amend and directed the Clerk of Court to append both the Motion and Plaintiff's Objections to the Complaint in order to preserve issues raised in this case and give liberal construction to the pleadings. *See* ECF Nos. 22-23. The pro se Complaint, as amended by the additional attachments, has now undergone an additional initial review. *See Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr. Inc.*, 7 F. App'x 197, 202-03 (4th Cir. 2001) (attached exhibits are integral parts of the pleading for purposes of motions to dismiss).

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke*

*v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint, as amended, that has been filed in this case is subject to partial summary dismissal as to one Defendant under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

The Complaint, as amended, is subject to summary dismissal to the extent that it names Horry County Police Department as a Defendant because—as the undersigned explained in the earlier Report and Recommendation, ECF No. 8—a complaint that includes no allegations of wrongdoing against a named defendant should be dismissed. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to

summary dismissal where no factual allegations against named defendants within the body of the pleading); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); *Walker v. Hodge*, 4 F.3d 991, * 2 n.2 (5th Cir. 1993); *Banks v. Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). Plaintiff did not include any additional allegations of wrongdoing against the police department in either his Motion to Amend or Objections. In the absence of substantive allegations of wrongdoing against the named Defendant, there is nothing from which this court can liberally construe any type of plausible cause of action arising from the Complaint against the police department. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim). Plaintiff's initial Complaint included no allegations of any wrongdoing against the Horry County Police Department. Upon amended the Complaint, Plaintiff has still not included specific allegations against this Defendant.

Additionally, even if Plaintiff had included specific allegations against the police department, no plausible claim under 42 U.S.C. § 1983 is stated against this Defendant because the department is not a "person" who may be liable under that statute for constitutional violations. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988), *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Plaintiff's naming of the department collectively is equivalent to use of the term "staff" or a similar collective term to name a defendant. It has been held that using such terms as a name for alleged defendants without the naming of specific staff members is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

IV.    Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint, as amended, in this case *without prejudice* insofar as the Horry County Police Department is named a Defendant. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). An Order directing that the Complaint, including all attachments thereto, be served on the remaining Defendant is being issued contemporaneously with this Report.

IT IS SO RECOMMENDED.

*Kaymani D. West*

March 22, 2016                                  Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).