UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bruce A Beckman, ) | C/A No.: 4:15-cv-03410-RBH-KDW | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | REPORT AND RECOMMENDATION | |
| ) | | |
| Detective Ryan Seipt, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On September 22, 2016, Defendants filed a Motion for Summary Judgment. ECF No. 55. As Plaintiff is proceeding pro se, the court entered an order on September 26, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 56. Plaintiff was specifically advised that if he failed to respond adequately by October 31, 2016, Defendant's Motion may be granted, thereby ending Plaintiff's case against them. *Id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order Plaintiff failed to respond to Defendant's Motion for Summary Judgment.

On November 16, 2016, the court ordered Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motion for Summary Judgment by December 16, 2016. ECF No. 61. Plaintiff filed no response.[1] As such, it appears to the

---

[1] The undersigned notes that previous court orders have been returned undeliverable. *See* ECF Nos. 54, 59, 64. However, it is Plaintiff's responsibility to maintain an up-to-date address with the court and clerk's office. The court previously advised Plaintiff of this responsibility in an order and specifically stated:

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503)** if your address changes for any reason, so as to assure that orders or other matters that specify

court that he does not oppose Defendant's Motion and wishes to abandon his action. Based on the foregoing, the undersigned recommends Plaintiff's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

 IT IS SO RECOMMENDED.

December 20, 2016                 Kaymani D. West
Florence, South Carolina             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

 deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

ECF No. 6 at 2-3. Therefore, alternatively the undersigned recommends Plaintiff's case be dismissed for Plaintiff's failure to comply with the instructions in the September 23, 2015 order.

2